UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-3065

MARIO CEDENO,
and other similarly-situated individuals,

Plaintiff(s),

v.

ULTRACK CONSTRUCTION, LLC.,
YOLVIS R. DUARTE JORDAN, individually,
and NOE FUTURE FRAMING, LLC.,

Defendants.
_____________________________________________/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, MARIO CEDENO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants, ULTRACK CONSTRUCTION, LLC., YOLVIS R. DUARTE JORDAN, individually, and NOE FUTURE FRAMING, LLC., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, MARIO CEDENO (hereinafter, "CEDENO" or "Plaintiff"), is a resident of Hillsborough County, Florida, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.
3. Corporate Defendant, ULTRACK CONSTRUCTION, LLC. (hereinafter, "ULTRACK" or "Defendant"), is a Florida Limited Liability Company. Defendant has a place of business in Hillsborough County, Florida, and conducts business in Hillsborough County, Florida, within this Honorable Court's Jurisdiction. At all times material, Defendant ULTRACK was and is engaged in interstate commerce, and was the employer of Plaintiff and other similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].
4. Corporate Defendant NOE FUTURE FRAMING, LLC. (hereinafter, "NOE" or "Defendant"), is a Florida Limited Liability Company. Defendant has a place of business in Hillsborough County, Florida, and conducts business in Hillsborough County, Florida, within this Honorable Court's Jurisdiction. At all times material, Defendant NOE was and is engaged in interstate commerce, and was the employer of Plaintiff and other similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. Corporate Defendants ULTRACK CONSTRUCTION, LLC. and NOE FUTURE FRAMING, LLC., shall be collectively referred hereinafter as "ULTRACK" or "Defendants".
6. Individual Defendant, YOLVIS R. DUARTE JORDAN (hereinafter, "DUARTE" or "Defendant"), was and is now the owner/partner/and manager of both Defendant corporations ULTRACK. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].
7. All the actions raised in this Complaint occurred in Hillsborough County, Florida, within this Court's jurisdiction.

General Allegations

8. This cause of action is brought by Plaintiff CEDENO as a collective action to recover from Defendants overtime compensation, retaliatory discharge damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly-situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or

after October of 2023, (the "material time") without being adequately compensated.

9. Defendants ULTRACK are residential development and construction companies specializing in structural framing and roofing. Defendants ULTRACK operate in Hillsborough County, Florida. At all times material hereto, Defendants ULTRACK were Plaintiff's employers as defined by the FLSA and both companies are joint employers of Plaintiff.

10. Defendants ULTRACK were and are engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendants are construction and residential development companies. Each of the corporate Defendants had more than two employees recurrently engaged in commerce or the production of goods for commerce; regularly and recurrently used the instrumentalities of interstate commerce; accepted and solicited funds from non-Florida sources; used electronic devices to authorize credit card transactions; ordered products and supplies produced out of State, etc. Upon information and belief, the annual gross revenue of each of the corporate Employers/Defendants was always material hereto more than $500,000.00 per annum. Therefore, there is FLSA enterprise coverage with respect to each of the corporate Defendants.

11. Plaintiff and those similarly situated were employed by enterprises engaged in interstate commerce. The plaintiff was a roofing and construction employee who handled and worked with goods and materials moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

12. Defendants ULTRACK and DUARTE employed Plaintiff CEDENO as a non-exempt, full-time construction and roofing employee from on or about January 1st, 2026, through April 30th, 2026, or approximately four (4) months. The total relevant time period at issue under the FLSA consists of 17 weeks.

13. Plaintiff worked under the control of business owner DUARTE, as well as the supervision of company personnel, at different projects.

14. During the relevant period, Plaintiff worked as a "Roofer", performing duties involving construction and roofing work. Plaintiff was paid at the hourly rate of $20.00 per hour.

15. While employed by Defendants, Plaintiff worked regularly six days per week from Monday through Saturday, from 5:00 AM to 4:00 PM (11 hours daily), or a total of 66 hours weekly.

16. Plaintiff took one hour of uninterrupted lunch break each working day, thus, Plaintiff worked 60 hours per week.

17. During his employment, Plaintiff was paid for all hours at his regular straight time rate of $20.00 per hour. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours at the applicable overtime rate, as required by law.

18. Plaintiff did not clock in and out, but he worked a set schedule, and Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly-situated individuals were working.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

20. Plaintiff was paid in cash, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

21. Plaintiff disagreed with the lack of payment for overtime hours at the applicable overtime rate, and he complained to owner/manager Defendant DUARTE on or about mid-April of 2026.

22. This complaint constituted statutorily protected activity under the FLSA.

23. In response, owner/manager Defendant DUARTE told Plaintiff that "no one pays overtime in construction work".

24. The following week, Plaintiff once again complained to owner/manager Defendant DUARTE about not receiving overtime pay at the applicable overtime rate.

25. This complaint constituted statutorily protected activity under the FLSA.

26. In response, owner/manager Defendant DUARTE told Plaintiff that he "was asking too many questions" and the if he continued complaining, he was going to fire him.

27. The following week, on or about April 30th, 2026, Defendant DUARTE fired Plaintiff in retaliation for his complaints.

28. Plaintiff's termination from employment constitutes adverse employment action under the FLSA.

29. At times mentioned, individual Defendant DUARTE was the owner/partner/and manager of both corporate Defendants ULTRACK. Defendant DUARTE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in ULTRACK's interests concerning their employees, including Plaintiff and others similarly-situated. Defendant DUARTE had financial and operational

control of the businesses, and determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

30. Plaintiff CEDENO seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, retaliatory discharge damages, liquidated damages, attorney's fees and costs, and any other relief as allowable by law.

Collective Action Allegations

31. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

32. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly-situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

33. This action is intended to include every roofer, and any other similarly-situated individuals, who worked for Defendants at any time during the past three (3) years.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

34. Plaintiff CEDENO re-adopts every factual allegation stated in paragraphs 1-33 above as if set out in full herein.

35. This action is brought by Plaintiff CEDENO and those similarly situated to recover from his Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

36. Defendants ULTRACK and DUARTE employed Plaintiff CEDENO as a non-exempt, full-time construction and roofing employee from on or about January 1st, 2026 through April 30th, 2026, or approximately four (4) months. The total relevant time period at issue under the FLSA consists of 17 weeks.

37. Plaintiff worked under the control of business owner DUARTE, as well as the supervision of company personnel, at different projects.

38. During the relevant period, Plaintiff worked as a "Roofer", performing duties involving construction and roofing work. Plaintiff was paid at the hourly rate of $20.00 per hour.

39. While employed by Defendants, Plaintiff worked regularly six days per week from Monday through Saturday, from 5:00 AM to 4:00 PM (11 hours daily), or a total of 66 hours weekly.

40. Plaintiff took one hour of uninterrupted lunch break each working day, thus, Plaintiff worked 60 hours per week.

41. During his employment, Plaintiff was paid for all hours at his regular straight time rate of $20.00 per hour. Plaintiff worked in excess of 40 hours, but he was not paid for overtime hours at the applicable overtime rate, as required by law.

42. Plaintiff did not clock in and out, but he worked a set schedule, and Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly-situated individuals were working.

43. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

44. Plaintiff was paid in cash, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

45. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

46. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

47. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

48. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his knowledge and recollection. Upon discovery, Plaintiff will amend his statement of claim if necessary.

   a. Total amount of alleged unpaid O/T wages:

      Six-Thousand, Eight-Hundred Dollars & 00/100 ($6,800.00)

   b. Calculation of such wages:

      Total period of employment: approximately 4 months
      Relevant weeks of employment: 17 weeks

Total number of hours worked: 60 hours weekly
Unpaid O/T hours at applicable OT rate: 20 hours
Hourly rate: $20.00 an hour x 1.5=$30.00 O/T
O/T rate: $30.00 an hour - $20.00 rate paid = $10.00 O/T difference
Half-time: $10.00 an hour

$10.00 x 20 OT hours x 17 weeks = $3,400.00

**TOTAL: $3,400.00 + $3,400.00 (liquidated damages) = $6,800.00**

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime wages at the half-time rate.[1]

49. The Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

50. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing to Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

51. Defendants ULTRACK and DUARTE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

52. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff CEDENO, and those similarly-situated, respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CEDENO and other similarly-situated individuals and against the Defendants, ULTRACK and DUARTE, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff CEDENO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff CEDENO demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

53. Plaintiff CEDENO re-adopts every factual allegation stated in paragraphs 1-33 of this Complaint as if set out in full herein.

54. Defendant ULTRACK was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

55. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

56. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

57. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

58. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

59. Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and one-half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

60. Plaintiff was paid in cash, and without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

61. Plaintiff disagreed with the lack of payment for overtime hours at the applicable overtime rate, and he complained to owner/manager Defendant DUARTE on or about mid-April of 2026.

62. This complaint constituted statutorily protected activity under the FLSA.

63. In response, owner/manager Defendant DUARTE told Plaintiff that "no one pays overtime in construction work".

64. The following week, Plaintiff once again complained to owner/manager Defendant DUARTE about not receiving overtime pay at the applicable overtime rate.

65. This complaint constituted statutorily protected activity under the FLSA.

66. In response, owner/manager Defendant DUARTE told Plaintiff that he "was asking too many questions" and the if he continued complaining, he was going to fire him.

67. The following week, on or about April 30th, 2026, Defendant DUARTE fired Plaintiff in retaliation for his complaints.

68. Plaintiff's termination from employment constitutes adverse employment action under the FLSA.

69. At times mentioned, individual Defendant DUARTE was the owner/partner/and manager of ULTRACK. Defendant DUARTE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in ULTRACK's interests concerning its employees, including Plaintiff and others similarly-situated. Defendant DUARTE had financial and operational control of the business, and

determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

70. As a direct and proximate result of Defendants' retaliatory discharge of Plaintiff, Plaintiff has suffered lost wages, emotional distress, and other damages.

71. Plaintiff is entitled to all remedies available under the FLSA, including back pay, front pay, liquidated damages, attorneys' fees, and costs.

72. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful retaliatory employment practices to terminate Plaintiff's employment.

73. There is close temporal proximity between Plaintiff's protected activity and his retaliatory discharge.

74. As described above, the motivating factor that caused Plaintiff's discharge was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

75. Defendants' discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

76. Plaintiff CEDENO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff CEDENO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants ULTRACK and DUARTE that Plaintiff CEDENO recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees & costs.

D. Order the Defendants ULTRACK and DUARTE to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff CEDENO further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff CEDENO demands a trial by a jury of all issues triable as a matter of right.

Dated: October 8th, 2026

Respectfully submitted,

By: _*/s/ Alexis Mena-Glasgow*_
**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839
2250 SW Third Avenue, Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
**alexis@simpsonmenalaw.com**
*Attorney for Plaintiff*